## Mary TORTI

v.

### Eleuterio TORTI.

### No. 92–247–Appeal.

Supreme Court of Rhode Island.

March 11, 1993.

### ORDER

This case came before this court on March 5, 1993, pursuant to an order directed to the plaintiff, Mary Torti, to appear and show cause why we should not summarily deny her appeal. After hearing the arguments and reviewing the memoranda of counsel, we believe the plaintiff failed to show cause.

The pertinent facts in this case are as follows. In 1988 plaintiff and defendant, Eleuterio Torti, were divorced pursuant to a final judgment of divorce entered by the Family Court. The plaintiff obtained custody of the couple's two children and the court ordered defendant to pay child support. On December 21, 1989, one of these children reached the age of majority. On February 28, 1990, the parties agreed to change the custody arrangement and defendant obtained custody of the two children. On October 11, 1991, defendant moved to have the Family Court modify the order requiring defendant to pay plaintiff child support because one of the children had reached the age of majority and plaintiff no longer had custody of either of the two children. The Family Court granted defendant's motion and held that defendant owed no child support beginning from Feb-

ruary 28, 1990, the date defendant obtained custody of the children.

The plaintiff does not dispute the Family Court justice's judgment that defendant no longer had to pay child support. The plaintiff, however, contends that the trial justice only had the power to order the termination of child support prospectively, from the date defendant filed his motion to modify the child support order. The plaintiff believes that defendant owes plaintiff child support from February 28, 1990, the date defendant obtained custody of the children, to October 11, 1991, the date the defendant filed his motion to modify the child support order. We agree with the trial justice that the Family Court has the power to retroactively terminate child support payments running to a parent who no longer has custody of the children.

Accordingly, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Family Court.